Ex parte Brac, Promovente y Apelante, y El Pueblo, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en un caso de información de dominio.

No. 2052.—Resuelto en abril 20, 1920.

Transcripción de Autos—Apreciación de Pruebas.—La Corte Suprema no puede ir contra la apreciación que de las pruebas haya hecho la corte inferior cuando en la transcripción del récord o acompañando a la misma no se eleven, debidamente identificados, los elementos de prueba aportados al juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Rincón.*

Abogados del apelado: *Sres. L. Campillo, Fiscal y R. Díaz Collazo, Assistant Fiscal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública fecha primero de septiembre de 1879, inscrita en el registro de la propiedad, María Guadalupe Escalera vendió a Juan Villarán por precio de $125 una y media cuerdas cuadradas de terreno en el antiguo barrio de "Cangrejos" de esta ciudad, bajo ciertas colindancias, y para acreditar el dominio de parte de dicho terreno adquirido de Villarán por Arturo Brac Brignoni, promovió éste expediente de dominio ante la Corte de Distrito de San Juan, Sección Primera, al amparo del artículo 395 de la Ley Hipotecaria.

Alega Brac Brignoni que por virtud de segregaciones en la finca de que fué dueño Villarán quedó un resto con cabida de una cuerda y 19 céntimos, cuyo resto le vendió Villarán por documento privado; pero como la primitiva, según afirma el peticionario, tenía cabida mayor que la expresada en la escritura de 1º. de septiembre de 1879, siendo

tal exceso de una cuerda y 19 céntimos de otra, la misma porción adquirida por Brac Brignoni, resultaba que aunque esa porción se halla inscrita en el registro por ser parte de la finca principal inscrita, no se determinaba numéricamente su extensión y por tanto el título de compraventa de Brac Brignoni no era inscribible en el registro.

Practicadas las pruebas testifical y documental, el fiscal se opuso a la declaratoria de dominio solicitada y el juez la denegó en resolución de 5 de marzo de 1919, consignando en su opinión que la prueba documental consistente en un plano no justificaba la identidad de la finca y que la prueba testifical no era convincente.

Esa resolución ha sido apelada por el peticionario, quien alega para sostener su recurso errónea apreciación de las pruebas.

La exposición del caso es defectuosa pues no contiene copia del plano presentado ni tampoco ha sido elevado original ante esta Corte Suprema por conducto del secretario de ella. El apelante ha debido traer a nuestra consideración todos los elementos probatorios que el juez apreció para llegar a sus conclusiones de hecho, colocándonos así en la misma condición en que aquél se encontró, y no habiéndolo hecho así tenemos que aceptar como buenas dichas conclusiones. *Ríos et al.* v. *Ríos,* 16 D. P. R. 135, y *Río* v. *Vázquez,* 17 D. P. R. 672.

Hemos examinado las alegaciones del escrito inicial del expediente y dudamos, aunque nos abstenemos de resolver esa duda por no haber sido levantada cuestión sobre el particular, si el expediente promovido es el medio apropiado para obtener la inscripción del dominio de una finca que según manifiesta el apelante ya está inscrita en el registro a favor de su causante por estarlo ya la finca principal de que es resto después de varias segregaciones.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.