SUCN. DE ARTURO DÍAZ VARCÁRCEL, compuesta de los hijos de su primer matrimonio nombrados MARÍA-LUISA, MANUELA, ARTURO Y ENRIQUE DÍAZ CURBELO; y de la viuda de su segundo matrimonio, Doña AMPARO GILESTRA y de los hijos habidos en el mismo nombrados ALBERTO-ARTURO, y ANGEL-LUIS DÍAZ GILESTRA, demandante y apelante, *v.* SUCN. DE ACISCLO DÍAZ VARCÁRCEL, compuesta de su viuda Doña PROVIDENCIA JANER, sus hermanos legítimos GUMERSINDO y JOSEFA DÍAZ VARCÁRCEL y su sobrino GUILLERMO ESCUDERO; y contra OCTAVIO GARCÍA SALGADO, demandados y apelados.

No. 3513.—*Visto:* Marzo 13, 1925.   *Resuelto:* Julio 28, 1925.

APELACIÓN Y ERROR—REVISIÓN—CONFIRMACIÓN DE LA SENTENCIA APELADA—EXPOSICIÓN DEL CASO DEFECTUOSA.—Cuando la exposición del caso presentada por el apelante al Supremo no contiene, para ser considerados por éste, todos los elementos probatorios que el juez inferior apreció para dictar su sentencia, procede confirmar la misma. (*Ex parte Brac* y *El Pueblo*, 28 : 367. confirmado.)

SENTENCIA de *M. Rodríguez Serra*, J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*R. Martínez Alvarez* y *J. P. Miranda* abogados de la apelante; *Manuel Benítez Flores,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los demandantes establecieron esta acción para que se declarase rescindida una escritura de venta de dos fincas por haber sido otorgada en fraude de los demandantes acreedores del vendedor y habiéndose dictado sentencia declarando sin lugar la demanda establecieron esta apelación en la que nos han presentado una exposición del caso aprobada por la corte inferior.

La parte apelada nos llama la atención en su alegato a que la exposición del caso que ha de servirnos para resolver la apelación no contiene toda la prueba que se presentó en el juicio y que por esto no estamos en condiciones de revo-

car la sentencia de la corte inferior como pretenden los apelantes.

Hemos examinado detenidamente la exposición del caso y encontramos que efectivamente falta la prueba documental que las partes presentaron en el juicio y que sirvió de fundamento al juez de la corte inferior para dictar la sentencia apelada, pues la corte se refiere en la opinión que fundamenta su fallo a una certificación del registro de la propiedad, a cierta cláusula de un testamento y a unas diligencias sobre administración judicial cuyos documentos no conocemos y que no constan en la exposición del caso, aunque de ella resulta que fueron presentados como prueba. También los apelantes dicen en su alegato que presentaron como prueba suya partidas de defunción, de nacimiento, de matrimonio, un testamento, cuatro pagarés y la escritura de venta que trata de rescindirse, sin que tales documentos hayan sido transcritos en la exposición del caso ni aun siquiera un resumen de lo pertinente de ellos, sobre todo en cuanto a la escritura y al testamento. En iguales condiciones se hallan los demás documentos presentados por los demandados.

En vista de lo expuesto y recordando que en el caso de *Ex parte Brac* y *El Pueblo*, 28 D.P.R. 367, dijimos que no podemos ir contra la apreciación que de la prueba haya hecho la corte inferior cuando en la transcripción del récord acompañada a la misma no se elevan, debidamente certificados, los documentos de prueba aportados al juicio, *debemos confirmar la sentencia apelada.*